# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BEN ZANDER,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS and
WARDEN JOHN YOST,

    Defendants.

CIVIL ACTION NO. 3:07-cv-244

JUDGE KIM R. GIBSON

## **MEMORANDUM OPINION AND ORDER**

## HISTORY

On September 23, 2005, Petitioner, a now-disbarred lawyer, pleaded guilty to being an accessory after the fact to mail fraud in violation of 18 U.S.C. § 3 and, on June 15, 2006, was sentenced to twenty-one months in prison and ordered to pay restitution in the amount of $24,678,000.66. Document No. 1 ¶¶ 1-2; Document No. 1-2 p. 4; Document No. 12 p.4. The Bureau of Prisons (hereinafter BOP) assigned him to the Federal Prison Camp in Loretto, Pennsylvania. Document No. 1 ¶ 4. Petitioner assumes he is eligible for the maximum available "good time" pursuant to 28 U.S.C. § 3624(b).[1] Document No. 1 ¶ 5; Document No. 1-2 p. 2. He asserts that he is therefore eligible for transfer to a Residential Re-entry Center (hereinafter RRC) no later than January 10, 2008 and was, in fact, eligible for transfer as early as September 7, 2007. Document No. 1 ¶¶ 5-6. Petitioner requested the maximum six-month period of placement in the RRC; "was advised" that only thirty days were

---

[1] The BOP's computation of Petitioner's good time, Document No. 1-2 p.2, which is predicated on "exemplary compliance with prison disciplinary regulations," 18 U.S.C. § 3624(b), is seemingly at odds with the BOP's denial of Petitioner's application for an earlier than scheduled release to a Residential Reentry Center, based on Plaintiff's failure "to maintain an acceptable institutional adjustment," resulting in "multiple incident reports." Document No. 1-2 pp. 4-5, 8.

1

"recommended"; and "commenced the Administrative Remedy process" that was a prelude to his instant action. *Id.* at ¶ 6; Document No. 1-2 pp. 4-11.

On July 17, 2007, Petitioner received a "firm offer" of a job with a starting date of October 1, 2007.[2] Document No. 1 at ¶ 7; Document No.1-2 p. 12. The job was to pay $60,000 per year. Document No. 1-2 p. 12. Petitioner was informed that his earliest possible date of release was December 11, 2007 and so notified his potential employer. Document No. 1 ¶ 9; Document no. 1-2 p. 13. The employer agreed to hold the job open until December 12, 2007. Document No. 1 ¶ 7; Document No. 1-2 p. 14. Petitioner was subsequently advised by his Camp Case Manager that, notwithstanding the job offer, he would be released to the RRC on February 5, 2007. Document No. 1 ¶ 7.

Petitioner filed an "Administrative Remedy Informal Request" on August 30, 2007, and a "formal Administrative Remedy Request" on August 31, 2007. *Id.* ¶ 8; Document No. 1-2 pp. 15-16. As of September 27, 2007, Petitioner had received no response,[3] but expressed the "good faith belief that exhaustion of administrative remedies would be futile," since his appeals had been based on the proposition that, pursuant to *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005),[4] all the placement factors enumerated in 18 U.S.C. § 3621(b) must be considered by the BOP whenever a change in type of custody is contemplated, yet none of the § 3621(b) factors had been considered "at any prior stage of the Administrative Process." Document No. 1 ¶ 9; Document No. 1-2 pp. 4, 8, 10.

Petitioner filed a petition for habeas corpus relief on September 27, 2007. Document No. 1.

---

[2] Petitioner states that this was "[u]nrelated to [his] Administrative Remedy process . . . ." Document No. 1 ¶ 7.

[3] The BOP ultimately denied Petitioner's appeal on October 26, 2007; Petitioner filed a copy with the Court on November 27, 2007. *See* Document No. 12.

[4] Petitioner mis-cites *Woodall* in his petition as 435 F.3d 235. Document No. 1 ¶ 6.

2

He elected to have the petition "ruled upon as filed" on September 30, 2007. Document No. 2. Service was ordered on October 10, 2007, requiring response within thirty days of service. Document No. 4. On October 17, Respondents moved for an enlargement of time to file their response of "thirty (30) days, or until December 14, 2007." Document No. 5. The magistrate judge granted the motion the same day, evidently without providing Petitioner with either notice or opportunity to reply. Document No. 6; Document No. 10 ¶ 3.

On October 19, 2007, Petitioner filed a supplement to his petition containing a letter from his prospective employer which stated that its offer of employment was contingent upon the employer's receipt, by October 15, 2007, of confirmation that Petitioner could begin work "on or before December 12, 2007," and that, if such confirmation were not forthcoming, "the offer for employment [would] no longer be open to [Petitioner]." Document No. 7; Document No. 7-2 p.1.

Petitioner filed a motion for reconsideration of the magistrate judge's grant of Respondents' motion for enlargement of time on October 23, 2007; the magistrate judge denied it the same day. Document No. 8. Petitioner timely filed the objections that are the subject of this decision on October 26, 2007, arguing irremediable prejudice from the magistrate judge's ruling due to the loss of "an important and potentially irreplaceable job opportunity." Document No. 10.

## DISCUSSION

### Standard of review

As a preliminary matter, since Petitioner's challenge to the BOP's refusal to grant a transfer to an RRC "goes to the execution of his sentence," pursuant to 28 U.S.C. § 2241 "habeas corpus does lie." *Woodall*, 432 F.3d at 237, 241-44. Petitioner's instant objections are reviewed by the Court pursuant to Fed. R. Civ. P. 72 and Local Rule 72.1.4. *See* Rule 11 of the Rules Governing Section 2254 and

3

Section 2255 Proceedings; *see also* Document No. 10. The Court also notes that although *pro se* complaints are generally held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972), Petitioner does have legal training and, in any event, his papers are clear and comprehensible.

Under Fed. R. Civ. P. 72, the standard of review depends upon the nature of the question presented. If a pretrial matter decided by a magistrate judge is not dispositive of a party's "claim or defense," the district court reviews the magistrate judge's decision on a "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a). The courts have also, where appropriate, read into 72(a) an abuse of discretion standard. *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999)(citations omitted); 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069, at 350 & n.20 (2d ed. 1997) [hereinafter Wright & Miller]. In the Third Circuit, abuse of discretion exists "when no reasonable person would adopt the [lower] court's view."[5] *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 181 (3d Cir. 2000)(citation omitted). If, however, the matter is dispositive or "a prisoner petition challenging conditions of confinement," the magistrate judge's decision is reviewed *de novo*. Fed. R. Civ. P. 72(b).

Actual incarceration, even in a prison camp such as the one in which Petitioner resides, imposes different conditions of confinement than those found in a halfway house. *See* Document No. 1 ¶ 4. Most notably, the outside employment sought by Petitioner is apparently not available while he remains at FCI Loretto. *See id.* at ¶¶ 7-10. The Third Circuit suggests that a challenge to conditions of

---

[5] The Third Circuit will also find abuse of discretion where the lower court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Cendent*, 235 F.3d at 181 (citation omitted). Since this second definition merely restates the standard explicitly set forth in Fed. R. Civ. P. 72(a), the Court will not consider it independently.

4

taken on Petitioner's habeas petition itself are not before the Court. Instead, the Court is merely reviewing the magistrate judge's grant of an extension of time for Respondents to file their response.

Ordinarily, such a motion would be clearly nondispositive. However, if the magistrate judge's grant of Respondents' motion for an extension of time in which to respond, and his subsequent denial of Petitioner's motion to reconsider, had actually rendered it impossible for Petitioner to take the offered job, thus eliminating the principal claim that grounded his habeas petition, it is at least possible that under the "commonsense," non-formalistic approach increasingly favored for resolution of the dispositive/nondispositive dichotomy the magistrate judge's decision could have been considered dispositive. *See* Wright & Miller § 3068.2; *see also N.L.R.B. v. Frazier*, 966 F.2d 812, 816-17 (3d Cir. 1992)(holding that an effects inquiry is necessary to determine whether an action is dispositive or nondispositive); *Chase Manhattan Bank v. Iridium Africa Corp.*, 294 F.Supp.2d 634, 643 (D. Del. 2003)(holding that "if the denial of [a] motion to amend disposes of a claim, the magistrate judge's ruling is dispositive in nature," even though such a denial "is ordinarily a non-dispositive matter")(citations omitted).

Such an analysis is unnecessary in the instant case, however. Petitioner has furnished a letter from his once-prospective employer stating that if it "[did] not receive confirmation by Monday, October 15, 2007 of [Petitioner's] availability to begin working on or before December 12, 2007, then the offer for employment [would] no longer be open to [Petitioner]." Document No. 7-2 p.1. Respondents' motion for enlargement of time was filed on October 17, 2007, two days after Petitioner's confirmation deadline. Document No. 5. Indeed, even the response date established by the original order of service was as much as four weeks after the October 15 deadline. *See* Document No. 4.

No decision by the magistrate judge after October 15, 2007 could affect petitioner's ability to

5

No decision by the magistrate judge after October 15, 2007 could affect petitioner's ability to take the job; that opportunity had already been extinguished. As a result, no motion related to the extension of Respondents' time to file their response was dispositive, and the Court's review of the magistrate judge's decision is therefore limited to a determination of whether it was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

**Petitioner's objections**

Petitioner has based his objections on the premise that he will be prejudiced through the loss of his job opportunity unless his case is decided before December 12, 2007, and that decision by that date is rendered impossible by the magistrate judge's grant of Respondents' motion. Document No. 10. However, as discussed above, Petitioner's own submission has demonstrated that the job offer was terminated on October 15, 2007, two days before the magistrate judge issued his original order granting Respondents' motion. Since a copy of the employer's letter establishing the October 15 deadline was included in Petitioner's motion for reconsideration, Document No. 8-2, to the extent that the magistrate judge found that Petitioner would not be prejudiced by the loss of a non-existent job opportunity, this Court is not "left with the definite and firm conviction that a mistake has been committed," and there is no clear error. *United States v. Gypsum Co.*, 333 U.S. 364, 394-95, 68 S.Ct. 525, 541-42, 92 L.Ed. 746, 765-66 (1948).

The magistrate judge's decision was not contrary to law. Petitioner has not cited and the Court is not aware of any case or statute that required a different decision. Admittedly, the magistrate judge's original grant of Respondents' motion on the same day it was filed, without affording Petitioner an opportunity to respond and, indeed, apparently without notice to Petitioner, was contrary to Local Rule 7.1. However, this mistake was rendered harmless by the magistrate judge's prompt action on

6

Petitioner's motion for reconsideration, in which Petitioner set forth his arguments in opposition to the grant of Respondents' motion. *See* Fed. R. Civ. P. 61 (stating that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties"). Finally, in light of the termination of Petitioner's job offer the Court cannot find that no reasonable person would adopt the magistrate judge's view that Petitioner's motion for reconsideration should be denied. There is no abuse of discretion.

## CONCLUSION

The Court finds that the magistrate judge's decision denying Petitioner's motion for reconsideration was well within his discretion, and that his decision was neither clearly erroneous nor contrary to law. Petitioner's objections are therefore overruled.

## ORDER

**AND NOW**, this 28th day of November, 2007, the Court having considered Petitioner's Objections to the magistrate judge's Order on Motion for Reconsideration (Document No. 10), it is **HEREBY ORDERED** that Petitioner's objections are **OVERRULED**.

BY THE COURT

*[signature: Kim R. Gibson]*

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**